**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
LYNCH CONGER MCLANE LLP
1567 SW Chandler Avenue, Suite 204
Bend, Oregon 97702
Telephone:  541.383.5857
Facsimile:  541.383.3968

*Attorneys for Plaintiff Maya Miller*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **MAYA MILLER**, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | (FMLA, Title VII, ADEA, and related state laws under ORS Chapter 659A) |
| **ST. CHARLES HEALTH SYSTEM, INC.**, an Oregon nonprofit corporation, doing business as **St. Charles Prineville** | DEMAND FOR JURY TRIAL |
| Defendant. | |

Page 1 -    COMPLAINT

Plaintiff Maya Miller alleges as follows:

## NATURE OF ACTION

1. This action pertains to Defendant's unlawful treatment and termination of Plaintiff's employment.

## PARTIES

2. Plaintiff Maya Miller is a citizen of the United States and resides in Prineville, Crook County, Oregon, which is in this judicial district.

3. Defendant St. Charles Health Systems, Inc. ("St. Charles" or "Defendant") is an Oregon nonprofit corporation that owns and operates the hospital known as St. Charles Prineville (the "Hospital"), which is an assumed business name, is located in Prineville, Crook County, Oregon, and is in this judicial district. St. Charles is authorized to conduct business in Oregon and does conduct business in Oregon.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 USC § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. This action is brought for discrimination and other unlawful action in employment pursuant to the Family Medical Leave Act (29 USC §2601 et seq), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17), Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621 to 634), and Chapter 659A of the Oregon Revised Statutes.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district under 28 USC § 1391 because the events that gave rise to this Complaint occurred in this judicial district.

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

## PROCEDURAL REQUIREMENTS

7. On July 28, 2017, Plaintiff filed a charge of unlawful discrimination with the Oregon Bureau of Labor and Industries (BOLI Case Number AGEMAG170728-70990), and this charge was co-filed with the Equal Employment Opportunities Commission (EEOC Case Number 38D-2017-00696C).

8. On February 2, 2018, Plaintiff received notice of her right to file a civil suit.

## GENERAL ALLEGATIONS

9. Plaintiff was born in Bulgaria in 1961, and she speaks fluent English with a Bulgarian accent.

10. In September 1999, Plaintiff was hired by Pioneer Memorial Hospital. In approximately 2007, Pioneer Memorial Hospital was acquired by Defendant St. Charles Health System.  Between 2006 and late Fall 2015, Plaintiff worked as a full-time float nurse in several different departments at the Hospital.

11. Plaintiff's mother lives alone in Bulgaria, and in June 2015, Plaintiff's mother had a brain tumor removed.  By August 2015, Plaintiff's mother had begun experiencing complications from the brain surgery.  Plaintiff travelled to Bulgaria to coordinate the needed rehabilitative care and interventions.

12. Prior to traveling to Bulgaria, Plaintiff had received positive evaluations over the course of her 17 years of employment.  For example, in January 2015, Plaintiff was formally evaluated by the previous emergency department ("E.D.") manager, Jackie McLaughlin.  This evaluation explains "Maya has not had any misses for Critical Results; Chart reviews indicate charting in real time[.]"  Further, Plaintiff had never been subjected to an adverse employment action at any point during her employment at the Hospital.

13. After returning from caring for her mother, Defendant placed Plaintiff under the supervision of a new E.D. manager, Michael Greene.

Page 3 -    COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

14.     Shortly after coming under Mr. Greene's supervision, Mr. Greene investigated Plaintiff because she asked to go to the bathroom. During times material to this complaint and during which Plaintiff was employed by Defendant, the Oregon Health Authority determined that St. Charles Prineville was in violation of approximately 15 laws involving inadequate breaktimes and staffing for nurses.

15.     Plaintiff was unable to follow up with Mr. Greene regarding his disciplinary investigation into her request to use the bathroom because she needed to use OFLA/FMLA leave to care for her mother. The process to take OFLA/FMLA leave involved Plaintiff talking with St. Charles employee Debbie Wright, who facilitated parts of the leave process, including immediately authorizing Plaintiff's absence, faxing the necessary paperwork to Plaintiff, instructing Plaintiff to contact UNUM (the hospital's third party OFLA/FMLA administrator), and communicating with Plaintiff's supervisor. In short, Plaintiff requested OFLA/FMLA leave and was immediately allowed to exercise her right.

16.     After returning from leave, Mr. Greene met with Plaintiff to discuss allegations relating to Plaintiff's work performance from nearly six months ago. Plaintiff was not given a chance to rebut these allegations. Mr. Greene noted the allegations in a December 23, 2016 email.

17.     Just days later in January 2017, Plaintiff received a merit review of her recent work performance. The review did not mention anything negative, and there was no mention of any information that had been documented in the December 23, 2016 email.

18.     During January and February 2017, Plaintiff began receiving distressing telephone calls from her mother, who complained of further medical issues. Plaintiff's medical training made these calls particularly distressing because Plaintiff knew something was medically wrong with her mother, but Plaintiff was unable to provide help given that her mother was still so far away in Bulgaria.

Page 4 -    COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

19. On March 2, 2017, Mr. Greene met with Plaintiff to say that there were six more complaints pending against her. One complaint alleged that Plaintiff gave aspirin to a patient experiencing chest pain. Plaintiff explained how this was a standard response, and Mr. Greene agreed. Despite agreeing with Plaintiff and admitting that he had not completed his investigation, Mr. Green placed Plaintiff on administrative leave.

20. At this meeting, Plaintiff requested OFLA/FMLA leave based on the exigency regarding her mother's medical condition. Based on Plaintiff's prior use of OFLA/FMLA for the same reason, Mr. Greene was aware that Plaintiff's mother had existing medical issues. Mr. Greene told Plaintiff that she could not request or take OFLA/FMLA leave due to the fact that he was placing her on administrative leave.

21. Also at this meeting, Plaintiff suggested she be transferred out of the E.D. department and into a per diem position on the Medical/Surgical Floor. This transfer would have allowed Plaintiff to return to a position that she had successfully fulfilled for many years, and it would have allowed Plaintiff to avoid contact with Michael Greene, who was treating her differently than similarly situated co-workers by repeatedly investigating her and failing to timely communicate with her regarding alleged patient safety issues.

22. From March 2 to March 15, 2017, Plaintiff was on administrative leave.

23. The Hospital could have allowed Plaintiff to exercise her OFLA/FMLA leave rights at the same time she was on administrative leave.

24. After the administrative leave ended, Plaintiff believed she would be fired over any possible infraction, let alone booking a flight to Bulgaria and missing many shifts, and so she was compelled to return to work until a supervisor explicitly allowed her to be absent from work.

25. On March 15, 2017, Plaintiff met with Mr. Greene and with Matt Oakes, who is a manager in Defendant's human resources department. Courtney Niebel, who is a representative from Plaintiff's union, was also present at the meeting. At this meeting, Mr.

Page 5 -    COMPLAINT

Greene notified Plaintiff that her recent "missed shifts will be unpaid and the time will be considered a suspension" and "the decision has been made to issue you a Final Written Warning." This was the first time Plaintiff had ever been subjected to adverse employment action while working for the hospital.

26. At this meeting, Plaintiff again requested OFLA/FMLA leave. Mr. Oakes acknowledged that she may need assistance by providing her with an employee assistance pamphlet. Further, he acknowledged her OFLA/FMLA request by saying "if you need to take FMLA you would have protected leave to care for your mother."

27. However, Mr. Greene again interfered with Plaintiff's ability to exercise her right to take OFLA/FMLA leave. Mr. Greene told Plaintiff that she must first complete a minimum of two shifts before she could take OFLA/FMLA leave. During the shifts, she would be followed by a supervisor who would monitor every action she took.

28. On March 17, 2017, Plaintiff was required by Mr. Greene to return to work. A supervisor, Melissa Levesque, followed Plaintiff to assess Plaintiff's competencies. The next day, March 18, 2017, Mr. Greene followed Plaintiff to assess her competencies. At the end of the work day on March 18, 2017, Mr. Greene notified Plaintiff that she successfully completed her competencies and cleared her to return to work.

29. After receiving this information, Plaintiff again asked Mr. Green for permission to take OFLA/FMLA leave. But unlike Plaintiff's 2016 leave request and despite being eligible to use OFLA/FMLA leave, Mr. Green again interfered with her right to take leave under OFLA/FMLA. In fact, Mr. Greene scheduled Plaintiff to work another shift the very next day. Mr. Greene further interfered with her request by telling her to contact the human resources department.

30. On March 19, 2017, Plaintiff reported to work as directed. She contacted the human resources department as required by Mr. Greene, but the human resources department did not respond.

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

31. On March 20, 21, 22, and 23, 2017, Plaintiff tried contacting Mr. Greene, Mr. Oakes, and the human resources department. On one or more occasions, Plaintiff left a message for Kristi Durr, who worked in the human resources office located in Bend, OR.

32. Finally, on March 24, 2017, an employee from St. Charles' human resources office in Bend, Oregon contacted Plaintiff. The employee directed Plaintiff to contact UNUM.

33. As instructed, Plaintiff contacted UNUM, and UNUM approved her OFLA/FMLA leave this very same day. After getting approved, Plaintiff tried calling Mr. Greene and Mr. Oakes, but she was unable to reach them.

34. Plaintiff then called coordinator Debbie Wright to say that UNUM approved her for OFLA/FMLA leave, but that she had been unable to reach Mr. Green and Mr. Oakes to receive permission to absent from work. Mr. Wright offered to send an email to Mr. Green and Mr. Oakes.

35. Plaintiff never received a response from Mr. Green or Mr. Oakes, and so she again was compelled to return to work out of fear of being terminated. She worked shifts on March 25, 26, and 27, 2017.

36. On April 3, 2017, Mr. Green and Mr. Oakes notified Plaintiff that she allegedly made mistakes on March 19, 25, and 26, 2017, which included not writing her initials on a sticker, using a catheter that had an undetectable manufacturer's defect, and momentarily leaving a medication cabinet door unlocked. Plaintiff's union representative was present for these meetings, and she stated to Mr. Greene and Mr. Oakes that "typically discipline is put on hold during leave" and "Plaintiff wants to return to medical floor in per diem position."

37. On April 5, 2017, Defendant terminated Plaintiff's employment.

38. Plaintiff was notified of the termination during a meeting with Mr. Greene, Mr. Oakes, and Plaintiff's union representative. Plaintiff's union representative kept notes during this meeting. The union representative's notes indicate that human resources

Page 7 -    COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

manager Mr. Oakes admitted that Plaintiff had been approved for intermittent "leave that started on 3/25." Mr. Oakes also admitted that Plaintiff's other "leave was for a future date of 4/7, so [he] decided to take action now rather than waiting for [her] to return."

39. Immediately after being terminated, Plaintiff booked a last-minute plane ticket and rushed to Bulgaria to care for her mother.

40. Defendant's stated reasons for repeated investigation, suspension without pay, threat of termination, and termination are pretext.

41. Plaintiff was qualified for her employment position and was performing her employment duties in a satisfactory manner.

42. Plaintiff is a member of protected class based on her age and national origin, and Plaintiff engaged in protected activity while employed by Defendant. Plaintiff was subjected to terms, conditions, and privileges, including workplace standards, disciplinary standards, disciplinary processes, investigations, discipline, and treatment, which were different from those given to her co-workers who did not fall within the same protected classes.

## FIRST CLAIM FOR RELIEF

## 29 USC § 2615(a)(1) - INTERFERENCE WITH FMLA RIGHTS

43. Plaintiff incorporates paragraphs 1 through 42.

44. Plaintiff was an eligible employee under the Family Medical Leave Act ("FMLA") (29 USC §2601 et seq).

45. Defendant is an employer as defined under the FMLA.

46. Plaintiff was entitled to leave. Plaintiff had a serious health condition. Plaintiff's mother had a serious health condition. Defendant admitted Plaintiff was entitled to leave for both Plaintiff's qualifying reason and Plaintiff's mother's qualifying reason. Defendant's agent, UNUM, admitted on Defendant's behalf that Plaintiff was entitled to leave for both Plaintiff's qualifying reason and Plaintiff's mother's qualifying reason.

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

47. Notice of Plaintiff's intention to take leave was given to Defendant. Defendant admitted having notice of Plaintiff's intention to take leave.

48. Defendant interfered with a benefit to which Plaintiff was entitled under FMLA.

49. Plaintiff was denied a benefit to which she was entitled under FMLA.

50. Plaintiff was terminated and suffered damages as a result of Defendant's interference or denial of the benefits to which Plaintiff was entitled under FMLA.

51. Defendant acted willfully in violating Plaintiff's rights under FMLA.

52. Plaintiff requests all legal and/or equitable relief, including reinstatement of her employment and/or backpay and future pay. Plaintiff is entitled to attorney fees and costs, including reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to 29 USC § 2617.

## SECOND CLAIM FOR RELIEF

## 29 USC § 2615(A)(1) - FMLA DISCRIMINATION

53. Plaintiff incorporates paragraphs 1 through 52.

54. Plaintiff engaged in statutorily protected conduct under FMLA.

55. Plaintiff suffered an adverse employment action.

56. There is a causal connection between Plaintiff's statutorily protected conduct and the adverse employment action she suffered. Closely following return from leave and closely after requesting leave, Plaintiff was subjected to discriminatory treatment and adverse employment action. Plaintiff was subjected to different treatment than her similarly situated coworkers. This pattern of different treatment culminated in a two-week suspension without pay, final warning, and termination of employment.

Page 9 -    COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

57. Mr. Oakes statement that Plaintiff's "leave was for a future date of 4/7, so [he] decided to take action now rather than waiting for [her] to return." shows that Defendant knowingly and purposefully discriminated against Plaintiff because she engaged in protected activity.

58. Defendant acted willfully in violating Plaintiff's rights under FMLA.

59. Plaintiff requests all legal and/or equitable relief, including reinstatement of her employment and/or backpay and future pay. Plaintiff is entitled to attorney fees and costs, including reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to 29 USC § 2617.

## THIRD CLAIM FOR RELIEF

## ORS 659A.183(1) - DENIAL OF OFLA RIGHTS

60. Plaintiff incorporates paragraphs 1 through 59.

61. Plaintiff was an eligible employee under the Oregon Family Leave Act ("OFLA") (ORS 659A. 150 to 659A.186).

62. Defendant was a covered employer under the OFLA.

63. Plaintiff was entitled to leave under OFLA. Plaintiff was eligible for OFLA leave to recover from or seek treatment for her own serious health condition that rendered her unable to perform at least one of the essential functions of her regular position. Separately, Plaintiff's mother had a serious health condition. Plaintiff was eligible for OFLA leave to care for her mother. Defendant admitted Plaintiff was entitled to leave for both Plaintiff's own serious health condition and, separately, for Plaintiff's mother's serious health condition.

64. Plaintiff attempted to use OFLA leave by giving notice to Defendant of her intention to take OFLA leave. Defendant admitted having notice of Plaintiff's intention to take leave.

65. Defendant interfered with and denied Plaintiff's leave, to which she was entitled under the OFLA.

Page 10 -    COMPLAINT

66. Plaintiff was denied a benefit to which she was entitled under OFLA.

67. Plaintiff was terminated and suffered damages as a result of Defendant's interference or denial of the benefits to which Plaintiff was entitled under OFLA.

68. Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited equitable relief in the form of reinstatement of employment with backpay, compensatory damages, prevailing party costs, and reasonable attorney fees.

## FOURTH CLAIM FOR RELIEF

### ORS 659A.183(2) - OFLA RETALIATION/DISCRIMINATION

69. Plaintiff incorporates paragraphs 1 through 68.

70. Plaintiff engaged in protected activity under the OFLA when she inquired about the provisions of the OFLA, submitted a request for leave under the OFLA, and/or invoked a provision under the OFLA.

71. Defendant retaliated or discriminated against Plaintiff with respect to a term or condition of employment because Plaintiff engaged in protected activity under the OFLA.

72. Plaintiff suffered damages as a result of Defendant's retaliation and discrimination.

73. Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited equitable relief in the form of reinstatement of employment with backpay, compensatory damages, prevailing party costs, and reasonable attorney fees.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 2000e et seq. - NATIONAL ORIGIN DISCRIMINATION

74. Plaintiff incorporates paragraphs 1 through 73.

75. Plaintiff is a member of a protected class.

Page 11 -   COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

76.     Plaintiff is the only employee in the Hospital's E.D. with a Bulgarian national origin. Plaintiff is the only employee with a Bulgarian accent. Prior to Plaintiff coming under the supervision of Mr. Greene, Plaintiff had not been disciplined for communication.

77.     Defendant subjected Plaintiff to disparate treatment different from similarly situated employees by subjecting her to increased scrutiny and conditions. Defendant subjected Plaintiff to adverse employment action by suspending Plaintiff's employment for two weeks without pay and later terminating Plaintiff's employment.

78.     The Plaintiff's national origin was a motivating factor in Defendant's disparate treatment of Plaintiff and decision to take adverse employment action against Plaintiff. Plaintiff was treated differently than others outside of her protected class.

79.     Plaintiff suffered damages as a result of Defendant's violation of Title VII. Plaintiff is entitled to attorney's fees under 42 USC § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

### 42 U.S.C. § 2000e et seq. - NATIONAL ORIGIN HARASSMENT (SUPERVISOR)

80.     Plaintiff incorporates paragraphs 1 through 79.

81.     Plaintiff was subjected to repeated investigation because of her national origin of Bulgaria.

82.     The conduct was unwelcome.

83.     The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive or hostile work environment.

84.     Plaintiff perceived the working environment to be abusive or hostile.

85.     A reasonable woman in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

86.     Plaintiff suffered damages as a result of Defendant's violation of Title VII. Plaintiff is entitled to attorney's fees under 42 USC § 2000e-5(k).

Page 12 -    COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

## SEVENTH CLAIM FOR RELIEF

### ORS 659A.030(1)(a) – NATIONAL ORIGIN DISCRIMINATION

87. Plaintiff incorporates paragraphs 1 through 86.

88. Defendant discharged Plaintiff from employment because of Plaintiff's national origin.

89. Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited equitable relief in the form of reinstatement of employment with backpay, compensatory damages, front pay, prevailing party costs, and reasonable attorney fees.

## EIGHTH CLAIM FOR RELIEF

### ORS 659A.030(1)(b) – NATIONAL ORIGIN DISCRIMINATION

90. Plaintiff incorporates paragraphs (1) through _.

91. Defendant discriminated against Plaintiff with regard to terms, conditions, or privileges of employment because of Plaintiff's national origin.

92. Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited equitable relief in the form of reinstatement of employment with backpay, compensatory damages, front pay, prevailing party costs, and reasonable attorney fees.

## NINTH CLAIM FOR RELIEF

### 29 U.S.C. § 623 et seq. - AGE DISCRIMINATION

93. Plaintiff incorporates paragraphs 1 through 92.

94. At the time Defendant terminated Plaintiff's employment, Plaintiff was between the ages of 40 and 70.

95. At the time Defendant terminated Plaintiff's employment, Plaintiff was the oldest, most senior, and most experienced nurse working full time in the E.D. Defendant filled Plaintiff's position with a younger and less experienced nurse.

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

96. Plaintiff suffered the adverse employment action(s) because of Plaintiff's age.

97. Defendant acted willfully and/or recklessly.

98. Plaintiff suffered damages as a result of the unlawful adverse employment action.

99. Plaintiff requests the court award her all relief available for Defendant's violation of the ADEA, including such legal or equitable relief as may be appropriate, including without limitation, employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## TENTH CLAIM FOR RELIEF

## ORS 659A.030(1)(a) – AGE DISCRIMINATION

100. Plaintiff incorporates paragraphs 1 through 99.

101. Defendant discharged Plaintiff from employment because of Plaintiff's age.

102. Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited equitable relief in the form of reinstatement of employment with backpay, compensatory damages, front pay, prevailing party costs, and reasonable attorney fees.

## ELEVENTH CLAIM FOR RELIEF

## ORS 659A.030(1)(b) – AGE DISCRIMINATION

103. Plaintiff incorporates paragraphs 1 through 102.

104. Defendant discriminated against Plaintiff with regard to terms, conditions, or privileges of employment because of Plaintiff's age.

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702

105.     Plaintiff requests the court award her all relief made available under ORS 659A.885, including but not limited to, equitable relief in the form of reinstatement of employment with backpay, compensatory damages, front pay, prevailing party costs, and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maya Miller requests this Court to grant the following relief on each of Plaintiff's claims:

a.  Plaintiff incorporates all requests for relief included under each of Plaintiff's separate claims identified above;

b.  All equitable relief that is fair and just, including employment, reinstatement, and appropriate placement upon or within any collective bargaining unit's seniority or wage schedule;

c.  The amount of wages, salary, employment benefits, or other compensation denied or lost by Plaintiff by reason of the violation, in the amount of $300,000 and for which Plaintiff seeks leave to amend;

d.  The actual monetary losses sustained by Plaintiff as a direct result of the violation;

e.  Pre-judgment and post-judgment interest; and

f.  Attorney fees and costs, including a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the Defendant.

Page 15 -   COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON  97702

Dated: May 2nd, 2018.

           LYNCH CONGER MCLANE LLP

           */s/ Benjamin Becker*

           **Gregory P. Lynch**, OSB No. 752340
           glynch@lynchconger.com
           **Shannon McCabe**, OSB No. 143812
           smccabe@lynchconger.com
           **Benjamin Becker**, OSB No. 103358
           bbecker@lynchconger.com
           LYNCH CONGER MCLANE LLP
           1567 SW Chandler Avenue, Suite 204
           Bend, Oregon 97702
           Telephone:  541.383.5857
           Facsimile:  541.383.3968

           *Attorneys for Plaintiff Maya Miller*

Page 16 -    COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff Maya Miller hereby demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

Dated: May 2nd, 2018.

LYNCH CONGER MCLANE LLP

*/s/ Benjamin Becker*
**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
LYNCH CONGER MCLANE LLP
1567 SW Chandler Avenue, Suite 204
Bend, Oregon 97702
Telephone: 541.383.5857
Facsimile: 541.383.3968

*Attorneys for Plaintiff Maya Miller*

LYNCH CONGER MCLANE LLP

*/s/ Benjamin Becker*
**Gregory P. Lynch**, OSB No. 752340
glynch@lynchconger.com
**Shannon McCabe**, OSB No. 143812
smccabe@lynchconger.com
**Benjamin Becker**, OSB No. 103358
bbecker@lynchconger.com
LYNCH CONGER MCLANE LLP
1567 SW Chandler Avenue, Suite 204
Bend, Oregon 97702
Telephone: 541.383.5857
Facsimile: 541.383.3968

*Attorneys for Plaintiff Maya Miller*

Page 17 -   COMPLAINT

LYNCH CONGER MCLANE LLP
ATTORNEYS AT LAW
T: (541) 383-5857 | F: (541) 383-3968
1567 SW CHANDLER AVENUE, SUITE 204
BEND, OREGON 97702