IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| MAYA MILLER, an individual, | Case No. 2:18-cv-00762-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., an Oregon nonprofit corporation doing business as St. Charles Prineville, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff Maya Miller brings this employment action against her former employer, defendant St. Charles Health System, Inc. Plaintiff contends that defendant terminated her from her employment as a nurse for multiple discriminatory and retaliatory reasons. *See* Compl.

(Docket No. 1). Defendant argues that it terminated plaintiff because she repeatedly failed to perform the basic requirements of her job. *See* Def. Answer (Docket No. 12).[1]

Defendant has served third-party subpoenas on plaintiff's two subsequent employers, Mosaic Medical and Mid-Columbia Medical Center, for employment records concerning plaintiff's job performance, protected leave requests, and earnings. Ames Decl. ¶¶ 5 & 6, Exs. 3 & 4 (Docket Nos. 24-3 & 24-4). Under Fed. R. Civ. P. 45(d)(3)(A), plaintiff has moved to quash the subpoenas. (Docket No. 22). Plaintiff argues that the subpoenas are irrelevant, unduly burdensome, and intrusive on her privacy rights. On February 5, 2019, the Court held a hearing on plaintiff's Motion. (Docket No. 26). At the hearing, the Court DENIED plaintiff's Motion to Quash, for the reasons stated on the record and as would be provided in a subsequent order. This Opinion and Order follows.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Here, the subpoenaed documents are relevant in multiple ways. The performance records are relevant to defendant's defense that it terminated plaintiff due to poor job performance. The leave request records are relevant to rebutting plaintiff's claim about her properly requesting, but being denied, protected medical and family care leave. The earnings records are relevant to plaintiff's obligations to mitigate damages by seeking new employment. Further, plaintiff has not shown that the records requests are burdensome to the extent of being disproportional to the case. Although plaintiff mentions "undue burden" in her briefing, she makes

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 20).

no legal argument as to how the subpoenas would be burdensome, nor presents any evidence. Further, because this is plaintiff's Motion, the relevant inquiry is whether the subpoenas would be unduly burdensome on plaintiff herself. *See Malbco Holdings, LLC v. Patel*, No. 6:14-cv-00947-PK, 2015 WL 4773202, at *3 (D. Or. Aug. 12, 2015). However, these are third-party subpoenas, so any burden on plaintiff is not presented. It would be up to the responding parties, Mosaic Medical and Mid-Columbia Medical Center, to move to quash if they wanted to argue undue burden on them, and they have not done so.

Additionally, plaintiff's privacy arguments are not successful. Plaintiff conjectures that subsequent employers could be prejudiced against plaintiff by learning that she sued a prior employer. However, it is plaintiff who has elected to bring this action. Plaintiff does not provide a source or authority for the privacy interests she alludes to. The Court has entered a protective order in this case. (Docket No. 19). Any privacy interest in third-parties' employment records of the routine type at issue here do not raise serious privacy concerns, and are not sufficient to outweigh defendant's ability to seek the requested materials under Fed. R. Civ. P. 26.

In *Tran v. Wells Fargo Bank, N.A.*, No. 3:15-cv-00979-BR, 2017 WL 1234131 (D. Or. Jan. 20, 2017), District Judge Anna Brown of this District Court denied a motion to quash a third-party subpoena in circumstances very similar to this case. In *Tran*, the plaintiff brought discrimination and retaliation claims against his former employer. *Id.* at *1. Defendant sought employment records from plaintiff's current employer. *Id.* The court held that the employment records were relevant to plaintiff's employment law claims. The court also found the asserted privacy interests insufficient to preclude discovery: "courts have allowed production of personnel files when the party seeking production has shown the information is relevant." *Id.* at *3. This Court finds the reasoning in *Tran* persuasive and independently sufficient to decide the present dispute.

For these reasons, and the reasons stated on the record at the February 5, 2019, hearing, the Court DENIES plaintiff's Motion to Quash (Docket No. 22).

IT IS SO ORDERED.

DATED this 7th day of February, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge